**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR JAMES HALL,

    Petitioner,        Case Number: 2:06-CV-13756

v.              HON. GEORGE CARAM STEEH

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS
PETITION IN ABEYANCE AND DISMISSING PETITION WITHOUT PREJUDICE**

  Petitioner Arthur James Hall has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, challenges his conviction for first-degree home invasion. Petitioner has n ow filed a Motion to Hold Habeas Petition in Abeyance so that he may return to state court to present unexhausted claims. The Court shall deny Petitioner's motion and dismiss the petition without prejudice.

**I.**

  On September 8, 2004, Petitioner pleaded no contest in Wayne County Circuit Court to first-degree home invasion. He was sentenced to seven years, eleven months to twenty years imprisonment. Petitioner filed a motion to withdraw guilty plea, which was denied on December 2, 2005.

  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims for relief:

  I.  Should Mr. Hall be re-sentenced because OV3 and OV4 were improperly scored?

> II. Did the trial court err when he refused to grant a jury trial on the issues of whether OV3 and OV4 were scored properly?

The Michigan Court of Appeals denied leave to appeal. People v. Hall No. 267406 (Mich. Ct. App. Feb. 1, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the following claims:

> I. Trial counsel was ineffective when he failed to present a defense for defendant, neglect a matter entrusted to counsel.
>
> II. Trial court erred when it accepted defendant's plea without adequately investigating whether it was truthful or voluntary.
>
> III. Trial counsel was ineffective when he failed to explain to defendant that a guilty plea is the same as a "cop" when counsel took advantage of defendant's mental incapacity and entered a plea of guilty without defendant understanding.
>
> IV. Trial court erred when it sentenced defendant above agreed sentence minimum without giving a reason.

The Michigan Supreme Court denied leave to appeal. People v. Hall, No. 130649 (Mich. June 26, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Trial counsel was ineffective when he failed to present a defense for defendant; neglecting matter entrusted to counsel.
>
> II. The trial court erred when it accepted defendant's plea without adequately investigating whether it was voluntary.
>
> III. Trial court erred when it sentenced defendant above agreed minimum of 59 months.
>
> IV. Trial counsel was ineffective when he failed to explain to defendant a "cop" was the same as a guilty plea.

Respondent filed an answer arguing that Petitioner's claims are unexhausted. Petitioner then filed a Motion to Hold Habeas Petition in Abeyance.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner presented the claims raised in his habeas petition for the first time in his application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims.

3

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Petitioner has filed a Motion to Hold Habeas Petition in Abeyance so that he may return to state court to exhaust his claims. Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. Rhines v. Weber, 544 U.S. 269, 278 (2005); Griffin v. Rogers, 308 F.3d 647, 652, n.1 (6th Cir. 2002). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, August 17, 2006, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300 F.3d at 718.

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance is **DENIED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from August 17, 2006, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

Dated: May 30, 2007

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 30, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk